10118

FURSE & LAWTON v. BRANT.
(97 S. E. 840.)

JURY — JURY TRIAL — FORECLOSURE.—An action to foreclose a mortgage being in equity, the Court is under no compulsion to order a jury trial.

Before SEASE, J., Barnwell, Fall term, 1917. Affirmed.

Suit by Furse & Lawton against Belle Brant. From a decree for plaintiff, defendant appeals.

Statement: This was a suit to foreclose a mortgage, the allegations of the complaint being in the usual form. Defendant-appellant answered by a general denial, and set up, as further defenses, that the note and mortgage was without consideration; that defendant was mentally and physically incapacitated to have entered into the contract at the time alleged, and that same was obtained by fraud.

Plaintiffs' attorney served notice that he would move before the Circuit Judge for an order referring the issues in the case to the master, whereupon defendant-appellant's attorney appeared and resisted said motion and contended for a trial of the issues by a jury. The issues were referred to the master "over the protest of defendant." The defendant-appellant did not serve any notice as required by rule 28 of the Circuit Court, but the refusal of the Circuit Judge to submit the issues to a jury was not based on this ground.

*Messrs. W. D. Connor* and *J. W. Vincent,* for appellant, submit: *There are primary questions of fact involved, which are wholly determinative of the issues raised by the pleadings, and which should have been submitted to the jury:* 109 S. C. 208 (96 S. E. 115).

*Messrs. Holman & Boulware,* for respondent, submit: *That the notice required by rule 28 of the Circuit Court was never served. Defendant's attorneys did not state the grounds of their objection to the order of reference, and appellant is concluded by their failure to do so:* 88 S. C. 460; 101 S. C. 309.

January 18, 1919.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action to foreclose a mortgage. The answer denied the execution of it; alleged there was no consideration for it; that the defendant was incapable, by reason of sickness, to enter into the contract; that the instrument was procured by the hand of the mortgagees. The master reported against

all the defenses, and recommended that the prayer of the complaint should be granted. The Circuit Court confirmed the master, but his order is not printed in the "case."

The seven exceptions make but two issues: (1) That the cause ought to have been submitted to a jury; and (2) that the defenses were proven.

The defendant did not proceed under the rule of Court to secure a trial by jury. That rule, therefore, is out of the question. When the plaintiff moved for an order of reference, the defendant resisted the granting of it, and then demanded a trial by jury. The cause is in equity, and the Court was, of course, under no compulsion to order a jury trial. There is no need to cite authority for that, but see *Erskine v. Erskine,* 107 S. C. 233, 92 S. E. 465.

The cause cited by the appellant (*Krentzlin v. Barron* 109, 208, 96 S. E. 115) has no relevancy to the issue.

The testimony as to the merits is very brief. Only the defendant and her daughter testified to sustain the defenses set up.

The burden was on the defendant to show that the conclusion of the master and the Circuit Court was wrong. We have no doubt about the correctness of the judgment of the Court; the testimony plainly sustains it.

The decree of the Circuit Court is affirmed.